Staples, J.,
delivered the opinion of .the court.
This case comes before us upon a writ of error and supersedeas to a judgment of the circuit court of Pittsylvania county. The Farmers Bank of Virginia at Danville brought an action of debt in that court against Finney & Muse, as makers, and three others, as indorsers of a negotiable note payable at that bank. The defendant, Finney, alone appeared, and filed a plea of nil debet, which was verified by his affidavit; and thereupon, on motion of the plaintiff by his attorney, it was ordered that the cause be discontinued as to him. The other defendants not appearing, judgment by default was rendered against them for the debt claimed in the declaration.
This judgment has been assailed by the learned *254 counsel for the plaintiff in error upon various grounds. In respect to the principal ground of objection, it is to say, it is the same urged before this court jn case 0f _gush v> Campbell, decided at the last term of this court, and not yet reported. There the action was upon a bond purporting to have been executed by several persons. Three of -the defendants filed separate pleas of non est factum; and upon that issue verdict and judgment were rendered in their favor. The defendant, Bush, filed a plea of usury, which was tried at a subsequent term, and a verdict found against him. The question was, whether judgment could be given against him on the verdict. This court held it could be so given under the provisions of the 19th section of chapter 177, Code of 1860, which provides, that in an action founded on contract against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants, against whom he would have been entitled to recover if he had sued them only. According to the view taken by this court, this statute changed essentially the rule of the common law requiring in actions on-joint or joint and several contracts - one final judgment for or against all the defendants. The effect of that change is to relieve a plaintiff', who proves a good cause of action against part of the defendants, but not against the others, from being put to the expense and delay of a new action against those who are bound. If, therefore, the plea of one of the defendants is of such a character that the plaintiff might have recovered against the others, had he sued them only, he is entitled to judgment in the pending action against those who are liable. This is the construction given by the New York courts to a statute from which ours *255 was probably taken, and is very similar in its provisions. Blodgett v. Morris, 14 New York R. 482, 487.
The learned counsel for tbe defendants insists that the present case is distinguishable in several particulars from that of Bush v. Campbell. For example, it is said that all the defendants were in that case parties, apparently at least, to the contract. Their names were signed to the bond, and the plaintiff could not know they were not really so until the trial of the issues upon the pleas of non est factum. Whereas, in the* present action, the plaintiff has sued the wrong person, one having no connection with the instrument declared on, real or apparent. And it is argued, that the statute giving joint actions upon negotiable notes against makers and indorsers, authorizes one, all, or any intermediate number, to be sued, but it does not permit a defendant to be included who is neither maker nor indorser.
The learned counsel is unquestionably correct in saying that the statute he refers to does not authorize the joinder of a person who is neither maker nor indorser. That proposition does not admit of discussion. And if that statute stood alone the argument would be unanswerable. But it must be read in connection with the provisions of the section already cited, which provide that although the plaintiff may be barred as to one or more of the defendants, he may nevertheless have judgment against the others. These provisions apply as well to joint actions upon negotiable instruments, as upon instruments not negotiable. In either case the object and effect of the statute is to avoid the expense, delay and trouble of a new suit against parties who are liable. There is no good reason why it should not apply in the one case as in the other. Ho one, of course, should be joined in the *256 suit as defendant who does not appear expressly, or by proper averment, to have made or indorsed the A misdescription of the writing in a material matter, whether as to parties or otherwise, is fatal on demurrer for the'variance, or on objection to its admission as evidence. But if the parties are properly described in the declaration as they appear by the instrument sued on, the plaintiff is not to be turned around to a new suit merely because one or more of the defendants is shown never to have been a party to the contract.
In the present ease the declaration is against William A. J. Finney and Henry L. Muse, late partners trading under the style of Finney & Muse. The record states that the said William A. J. Finney comes by his attorney and says he does not owe the sum of money in the declaration mentioned. It’ may be that there were two persons of the same name, and that process was served upon the wrong person. As nothing of the kind appears by the record we cannot presume that such was the fact. One thing is very' clear, that the defendant named in the declaration and writ bears the same name as the person upon whom process was served, and by whom the plea of nil debet was filed. That plea verified by afl'adavit, put the entire declaration in issue. Under it any fact may be relied upon which shows that the party pleading does not owe the debt. The plaintiff' may have been satisfied that the defendant Finney did not sign the note, nor authorize any one else to sign it for him; or that the partnership had been dissolved before the note was executed by Muse. Either of these matters was sufficient for the discharge of Finney without affecting the liability of the other defendants. This court will presume rather that Finney did not owe the debt, as *257 the issue purports, than that the other defendants did not owe it. It will not take it for granted for purposes of reversal, that the matters relied on by affected the liability of the others, and precluded a judgment against them also; but that these matters went to his personal discharge, and did not concern the other defendants. Such presumptions are often made in appellate courts, upon principles of necessity and convenience, based upon the maxim that acts of courts of competent jurisdiction are presumed to have been Tightly and regularly done until the contrary is made to appear. Powell on Appellate Proceedings, and cases there cited, 127, 241.
The learned counsel for the defendants, varying his ground of attack upon the judgment, insists that the conduct of the plaintiff in discontinuing the suit against the defendant Finney, amounts to a retraxit; the effect of which is to preclude the other defendants from recourse upon Finney for contribution or indemnity.
But clearly the order in question was not a retraxit; as that can only be entered by the plaintiff in person in open court.
The term “discontinuance” is not applied in pleading merely to those cases in which the plaintiff leaves a chasm in the proceedings of his cause. The word is also frequently used to indicate that the “ plaintiff' discontinues his action.” The judgment in such case is no more than an agreement not to proceed farther in that suit against that particular defendant. Such judgment is not a bar to any future action against the same party. And this is precisely the effect of the order of discontinuance entered in the present case. Coffman & Richardson v. Russell, 4 Munf. 207, is a direct authority upon this point.
*258 If, therefore, the defendant Finney is released from. all liability, it is not by reason of the discontinuas to him, but because either he was never a party to the contract, or because he has been discharged by matter subsequent, personal to him. We must presume it is one or the other. Whether it is one or the other the effect is the same. In either case the plaintiff is entitled to judgment against the others.
Upon the whole, we think there is no error in the judgment of the circuit court, and that the same must be affirmed.
Judgment affirmed.